UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: MABLE PRENTICE | § | CASE NO: 06-34423 |
| | § | PRECINCT |
| | § | |
| | § | |
| DEBTOR | § | CHAPTER 13 |
| | § | |

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

OCT 3 1 2011

David J. Bradley, Clerk of Court

**APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS
AND CERTIFICATE OF SERVICE**

1. I am making application to receive $1,275.00, which was deposited as unclaimed funds on behalf of Conns Credit Corp. a subsidiary of Conn Appliances, Inc., P.O. Box 2358, Beaumont, Texas 77704-2358.

2. Applicant is entitled to receive the requested funds, has made sufficient inquiry and has no knowledge that any other party may be entitled to, and is not aware of any dispute regarding the funds at issue based upon the following:

   a. Applicant isa duly authorized corporate officer and a representative of the creditor/debtor named in paragraph 1.

3. I understand that pursuant to 18 U.S.C. §152, I could be fined no more than $5,000.00, or imprisoned not more than five years, or both, if I have knowingly and fraudulently made any false statements in this document or accompanying supporting documents. I further understand that any indications of fraud detected by the Court will be turned over to the U.S. attorney for possible prosecution.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements and information are true and correct.

Dated: _October 28, 2011_

Applicant's Signature
Applicant's name  Rey de La Fuente
Address            P.O. Box 2358
                   Beaumont, Texas
                   77704-2358

1

Subscribed and sworn before me this **28** day of *October, 2011*.



TISHA CONLIN
Notary Public, State of Texas
My Commission Expires
June 08, 2015

Notary Public
State of Texas
My commission expires *6-8-2015*

Exhibits

1.  Order & Exhibit A
2.  Current franchise tax corporate status
3.  Current list of officers and directors
4.  Copy of Articles of Incorporation
5.  The corporate seal
6.  Business card reflecting claimant's name, and title attached to company letterhead stationary
7.  Photocopy of representative's identification credentials

<u>CERTIFICATE OF SERVICE</u>

    I certify that on *October 28*, 2011 a true and correct copy of this application for payment of unclaimed funds was served by first class United States mail on the following:

U.S. District Court
P.O. Box 61010
Houston, Texas 77208

U.S. Attorney
P.O. Box 61129
Houston, Texas 77208

U.S. Trustee
515 Rusk Ave., Ste. 3516
Houston, Texas 77002

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: MABLE PRENTICE | § | CASE NO: 06-34423-H4-3 |
| | § | PRECINCT 4 |
| | § | |
| | § | |
| DEBTOR | § | CHAPTER 13 |
| | § | |

**ORDER ON APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS**

Upon the application of Conn Credit Corporation seeking payment of receive $2,527.32

representing funds previously unclaimed by Conn Credit Corporation a creditor in the above-entitled

case and it appearing from the application and supporting documentation that Conn Credit

Corporation is entitled to the unclaimed funds, it is

ORDERED that the Clerk pay $1,275.00 Conn Credit Corporation P.O. Box 2358, Beaumont, Texas

77704-2358.

Signed on this the _____day of _____, 2011

_____
United States Bankruptcy Judge

3

Case 06-34423   Document 111   Filed in TXSB on 10/31/11   Page 4 of 22
Case 06-34423   Document 108   Filed in TXSB on 10/27/11   Page 1 of 2
Case 06-34423   Document 107-1   Filed in TXSB on 10/24/11   Page 1 of 1

## IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: MABLE PRENTICE | § | CASE NO: 06-34423-H4-3 |
| | § | |
| | § | |
| | § | |
| DEBTOR(S) | § | CHAPTER 13 |

ENTERED
10/27/2011

---

### ORDER

CAME ON FOR CONSIDERATION, the Trustee's Motion to Deposit Funds into the Court Registry pursuant to 11 U.S.C. § 347 (a), and it is therefore

ORDERED that David G. Peake,the Chapter 13 Standing Trustee is authorized to deposit all unclaimed funds, now held by him, in this case in the amount **$1,275.00** owed to **CONN CREDIT COMPANY** into the Registry of the Court pursuant to 11 U.S.C. § 347 (a).

SIGNED this the _27TH_ day of _OCTOBER_ . 2011

_____
DEPUTY CLERK

107

EXHIBIT "1"

Case 06-34423   Document 111   Filed in TXSB on 10/31/11   Page 5 of 22
Case 06-34423   Document 108   Filed in TXSB on 10/27/11   Page 2 of 2
Case 06-34423   Document 107   Filed in TXSB on 10/24/11   Page 2 of 3

## EXHIBIT "A"

| | | |
|---|---|---|
| IN RE: MABLE PRENTICE | § | CASE NO: 06-34423-H4-3 |
| | § | |
| | § | |
| | § | |
| DEBTOR(S) | § | CHAPTER 13 |

---

**UNCLAIMED FUNDS**

---

| NAME & ADDRESS: | CLAIM NO: | AMOUNT |
|---|---|---|
| CONN CREDIT COMPANY<br>PO BOX 2358<br>BEAUMONT, TX 77704-2358 | 6 | $1,275.00 |
| | | |
| TOTAL FOR UNCLAIMED FUNDS | | $1,275.00 |

EXHIBIT "    "

1

**TEXAS COMPTROLLER OF PUBLIC ACCOUNTS**

SUSAN COMBS · COMPTROLLER · AUSTIN, TEXAS 78774

October 28, 2011

## CERTIFICATE OF ACCOUNT STATUS

THE STATE OF TEXAS
COUNTY OF TRAVIS

I, Susan Combs, Comptroller of Public Accounts of the State of Texas, DO
HEREBY CERTIFY that according to the records of this office

**CONN CREDIT CORPORATION, INC.**

is, as of this date, in good standing with this office having no franchise
tax reports or payments due at this time. This certificate is valid through
the date that the next franchise tax report will be due May 15, 2012.

This certificate does not make a representation as to the status of the
entity's registration, if any, with the Texas Secretary of State.

This certificate is valid for the purpose of conversion when the converted
entity is subject to franchise tax as required by law. This certificate is
not valid for any other filing with the Texas Secretary of State.

GIVEN UNDER MY HAND AND
SEAL OF OFFICE in the City of
Austin, this 28th day of
October 2011 A.D.

_Susan Combs_
Susan Combs
Texas Comptroller

Taxpayer number: 17415892730
File number: 0022626000

Form 05-304 (Rev. 12-07/17)

**EXHIBIT " "**
2

*In the name and by the authority of*

## The State of Texas

**OFFICE OF THE SECRETARY OF STATE**

## CERTIFICATE OF INCORPORATION
## OF

CONN CREDIT CORPORATION, INC.

CHARTER NO. 226260

The undersigned, as Secretary of State of the State of Texas, hereby certifies that

duplicate originals of Articles of Incorporation for the above corporation duly

signed and verified pursuant to the provisions of the Texas Business Corporation

Act, have been received in this office and are found to conform to law.

ACCORDINGLY the undersigned, as such Secretary of State, and by virtue of

the authority vested in him by law, hereby issues this Certificate of Incorporation

and attaches hereto a duplicate original of the Articles of Incorporation.

Dated   JULY 13 , 19  66

*John L. Hill*
Secretary of State

EXHIBIT " "
2

Conn Credit Corporation, Inc.
Slate of Officers as of October 2011

| | |
|---|---|
| Theodore M. Wright | - Chairman and Interim Chief Executive Officer & President |
| Michael J. Poppe | - Executive Vice President and Chief Financial Officer |
| Reymundo de la Fuente, Jr. | - President - Credit Division |
| David W. Trahan | - Retail Division |
| David R. Atnip | - Senior Vice President and Treasurer |
| Walter M. Broussard | - Senior Vice President - Store Operations |
| Clinton W. Harwood | - Senior Vice President- Information Technology |
| Brian K. Woods | - Senior Vice Predisent- Merchandising |

EXHIBIT "3"

Filed in the Office of the
Secretary of State of Texas
This ____ day of ____ 1966.
____
Senior Corp. Examiner, Charter Div.

### ARTICLES OF INCORPORATION OF
### CONN CREDIT CORPORATION, INC.

We, the undersigned natural persons of the age of twenty-one (21) years or more, all of whom are citizens of the State of Texas, acting as incorporators of a corporation hereinafter referred to as "Corporation", under the Texas Business Corporation Act hereinafter referred to as the "Act , adopt the following Articles of Incorporation for the Corporation:

### ARTICLE ONE

The name of the Corporation is:   CONN CREDIT CORPORATION, INC.

### ARTICLE TWO

The period of the duration of the Corporation is perpetual.

### ARTICLE THREE

### Purposes and Powers

Section 1.  Purposes.  The purposes for which the Corporation is organized are:

a.  To accumulate and lend money without banking or discounting privileges.

b.  To accumulate and lend money, purchase, sell and deal in notes, bonds and securities, but without banking and discounting privileges;

c.  To subscribe for, purchase, invest in, hold, own, assign, pledge and otherwise deal in and dispose

EXHIBIT "4"

of shares of capital stock, bonds, mortgages, debentures, notes and other securities, obligations, contracts and evidences of indebtedness of foreign or domestic corporations not competing with each other in the same line of business; provided the powers and authority herein conferred shall in no way affect any provisions of the Anti-Trust Laws of this State.

d.   To finance in any way the buying or selling of any type of merchandise, minerals, securities, land, real estate, products manufactured.

e.   To engage in and carry on any type or form of operation necessary for the accomplishment and effectuation of the above stated purposes.

f.   To issue bonds, debentures, obligations of the company from time-to-time for any of the objects or purposes of the company and to secure them by mortgage or mortgages, or deeds of trust, or pledge or lien on any and all real and personal property, right, privileges and franchises of the company, wheresoever situated, acquired and to be acquired and to sell or otherwise dispose of any or all of them, all in such manner and upon such terms as the Board of Directors may deem proper.

g.   To have all the general powers granted to corporations organized under the Laws of the State of Texas, whether granted by specific statutory authority or by construction of law.

The foregoing shall be construed as powers as well as

-2-

EXHIBIT " "
4

purposes.  The enumeration hereof of specific purposes and powers shall not be held to limit or restrict any of the general purposes or powers of the corporation.  The matters specified in any clause shall, except where otherwise expressed, be in no ways limited or restricted by reference to, or inference from the terms of any clause of this or the other Articles of the Articles of Incorporation, but the purposes and powers specified in each of the clauses of this Article shall be regarded as independent purposes and powers.

### ARTICLE FOUR

The aggregate number of shares which the corporation shall have authority to issue is 10,000 shares and the par value of each such share shall be $1.00; all of such shares are of one class and are designated as common stock.  Each share of common stock shall have one vote at any special or regular meeting of the stockholders of the corporation.

### ARTICLE FIVE

The corporation will not commence business until it has received for the issuance of shares, consideration of a value of ONE THOUSAND AND NO/100 DOLLARS ($1,000.00), consisting of money, labor done or property actually received, in accordance with sub-section A. (7) of Article 3.02 of the Texas Business Corporation Act.

### ARTICLE SIX

#### Pre-emptive Rights

The shareholders' pre-emptive or preferential rights to acquire additional shares of stock of the Corporation shall be in all things preserved.

### ARTICLE SEVEN

#### Provisions for Regulation of the Internal Affairs of the Corporation

Provisions for the regulation of the internal affairs

-3-        EXHIBIT "4"

of the Corporation are:

Section 1.  Prohibition of Cumulative Voting for Directors.  No shareholder shall have the right to cumulate his votes for the election of directors, but each share shall be entitled to one vote in the election of each director.

Section 2.  By-laws.  The initial by-laws of the Corporation shall be adopted by the Board of Directors.  The Board of Directors from time-to-time may alter, amend or repeal the by-laws or adopt new by-laws, but the shareholders from time-to-time may alter, amend or repeal by-laws adopted by the Board of Directors or may adopt new by-laws.

Section 3.  Compensation of Directors.  The Board of Directors is hereby authorized by a resolution from time-to-time to provide for reasonable compensation to its members for their services as directors and to fix the basis and conditions upon which such compensation shall be paid.  Any director may also serve the corporation in any other capacity and receive compensation therefor in any form.

Section 4.  Interest of Directors in Contracts.  No contract or other transaction between the corporation and one or more of its directors, or between the Corporation and any firm of which one or more of its directors are members or employees, or in which they are otherwise interested, or between the corporation and any corporation or association in which one or more of its directors are shareholders, members, directors, officers, or employees, or in which they are otherwise interested, shall be void or voidable by reason of such directorship in the Corporation or such interest in such other firm, corporation or association, notwithstanding the presence of such director or directors at the meeting of the Board of Directors of the

EXHIBIT "4"

Corporation which acts upon or in reference to such contract or transaction, and notwithstanding his or their participation in such action, if (1) the fact that such interest shall be disclosed or known to the Board of Directors and the Board of Directors shall authorize, approve or ratify such contract or transaction by a vote of a majority of the directors present, such interested director or directors to be counted in determining whether a quorum is present, but not to be counted in calculating the majority necessary to carry such vote, or if (2) the fact of such interest shall be disclosed or known to the shareholders and the shareholders, by written consent or by vote of holders of record of a majority of all the outstanding shares of stock entitled to vote, shall authorize, approve or ratify such contract or transaction; nor shall any director be liable to account to this Corporation for any profits realized by or from or through any such transaction or contract of the Corporation so authorized, ratified or approved by reason of such directorship or interest.  Nothing herein contained shall create liability in the events above described or prevent the authorization or approval of such transactions or contracts in any other manner permitted by law.  This section shall not be construed to invalidate any contract or other transaction which would otherwise be valid under the common and statutory law applicable thereto.

Section 5.  Provisions for Working Capital.  The Board of Directors shall have power, from time-to-time, to fix and determine and to vary the amount to be reserved as working capital of the corporation and, before the payment of any dividends or the making of any distribution of profits, it may set aside out of the net profits or earned surplus of the corporation

-5-

EXHIBIT "4"

such sum or sums as it may from time to time determine in
its absolute discretion to be proper whether as a reserve
fund to meet contingencies or for the equalizing of divi-
dends, or for repairing or maintaining any property of the
corporation, or for an addition to the stated capital, capi-
tal surplus, or earned surplus, or for any other corporate
purposes which the Board of Directors shall think conducive to
the best interests of the corporation, subject only to the
requirements of law and such limitations as the by-laws may
from time to time impose.

Section 6.  Liability of Directors in Certain Cases. A
director shall not be liable for his acts as such if he is
excused from liability under Section B, Section C or Section
D of Article 2.41 of the Act; and, in addition, to the fullest
extent permitted by the Act, each officer or director or member
of the executive committee shall, in the discharge of any duty
imposed or power conferred upon him by the Corporation be fully
protected if, in the exercise of ordinary care, he acted in good
faith and in reliance upon the written opinion of an attorney
for the Corporation, the books of account or reports made to
the Corporation by any of its officials, or by an independent
certified public accountant, or by an appraiser selected with
reasonable care by the Board of Directors or by such committee,
or in reliance upon other records of the Corporation.

Section 7.  Indemnification of Directors and Officers.  To
the fullest extent permitted by the Act, the Corporation shall
indemnify each present and future director and officer, his
heirs, executors and administrators, against expenses reasonably
incurred by him in connection with or arising out of any action,
suit or proceeding in which he may be involved by reason of his

EXHIBIT " 4 "

being or having been a director or officer of the Corporation or at its request of any other corporation of which it is a stockholder or creditor and from which he is not entitled to be indemnified, (whether or not he continues to be such officer or director at the time of incurring such expense), such expenses to include, but not to be limited to, court costs and attorneys' fees and the costs of reasonable settlements (other than amounts paid to the Corporation itself). The Corporation shall not, however, indemnify such director or officer with respect to matters as to which he shall admit that the claim made against him is just or as to which he shall be finally adjudged in any such action, suit or proceeding to be liable for negligence or misconduct; and in the event of a settlement, such indemnification shall be provided only in connection with such matters covered by the settlement as to which the Corporation is advised by its counsel that the person to be indemnified did not commit such a breach of duty. The foregoing right of indemnification shall not be exclusive of other rights to which any director or officer may be entitled.

Section 8. Ratification by Shareholders or Directors of Certain Acts. The directors in their discretion may submit any contract or act that shall be approved or be ratified by the vote of a majority of the shares represented in person or by proxy at any shareholders' meeting at which there is a quorum, shall be as valid and binding upon the Corporation and upon all the shareholders as if it had been approved or ratified by every shareholder. Any transaction questioned in any shareholders' derivative suit on the ground of lack of authority, defective or irregular execution, adverse interest of director, officer or stockholder, nondisclosure, miscomputation, or the

-7-

EXHIBIT

application of improper principles or practices of accounting
may be ratified, unless prohibited by law, before or after
judgment by the Board of Directors or by the shareholders;
and, if so ratified, shall have the same force and effect as
if the questioned transaction had been originally duly authori-
zed, and said ratification shall be binding upon the Corporation
and its shareholders and shall constitute a bar to any claim or
execution of any judgment in respect of such questioned trans-
action.

Section 9.  Issuance of Rights or Options to Purchase Se-
curities of the Corporation.  The Board of Directors shall have
power at any time or from time to time, without any action by
the shareholders of the Corporation, to create and issue, for
such consideration, as may be fixed from time to time by the
Board of Directors, whether or not in connection with the issue
and sale of any shares of stock or other securities of the Cor-
poration, rights or options entitling the holders thereof to
purchase from the Corporation any shares of its capital stock,
such rights or options to be evidenced by or in such instrument
or instruments as shall be approved by the Board of Directors;
the terms upon which, the time or times, which may be limited
or unlimited in duration, at or within which, and the price or
prices at which any such shares may be purchased from the cor-
poration upon the exercise of any such right or option shall,
subject to provisions of the Act and any other law, be such as
shall be fixed and stated in the resolution or resolutions
adopted by the Board of Directors providing for the creation
and issue of such rights or options, and, in every case, set
forth or incorporated by reference in the strument or instru-
ments evidencing such rights or options.  However, nothing

EXHIBIT " "
4

contained in this Section 9, shall be construed so as to abolish or restrict the pre-emptive rights of the shareholders which rights are hereby in all things preserved.

Section 10. Removal of Directors. Any director or the entire Board of Directors may be removed from office, either for or without cause, at any special meeting of shareholders by the affirmative vote of a majority in number of shares of the shareholders present in person or by proxy and entitled to vote, if notice of the intention to act upon such matter shall have been given in the notice calling such meeting.  If the notice calling such meeting shall so provide, the vacancy caused by such removal may be filled at such meeting by affirmative vote of a majority of the shares of the shareholders present in person or by proxy and entitled to vote.

## ARTICLE EIGHT

### Initial Registered Office and Agent

Section 1. Registered Office.  The post office address of the initial registered office of the Corporation is 256 Pearl Street, Beaumont, Jefferson County, Texas.

Section 2. Registered Agent.  The name of the initial registered agent of the Corporation, at such address, is C. W. Conn, Jr.

## ARTICLE NINE

### Directors

Section 1. Initial Board of Directors.  The number of directors constituting the initial Board of Directors is three (3), who need not be residents of the State of Texas or shareholders of the Corporation.

Section 2. Names and addresses.  The names and addresses of the person who are elected to serve as directors until the first annual meeting of shareholders, or until their suc-

EXHIBIT "4"

cessors shall have been elected and qualified are:

| NAME | ADDRESS |
|------|---------|
| C. W. Conn, Jr. | 256 Pearl Street<br>Beaumont, Texas |
| C. W. Conn, Sr. | 256 Pearl Street<br>Beaumont, Texas |
| George D. Conn | 7th Floor, Tennessee Bldg.<br>Houston, Texas 77002 |

**Section 3.  Increase or Decrease of Directors.**  The
number of directors may be increased or decreased from time
to time by amendment to the by-laws; but no decrease shall
have the effect of shortening the term of any incumbent
director or reducing the number of directors below three
(3).  In the absence of a by-law fixing the number of direc-
tors, the number shall be three (3).

### ARTICLE TEN

### Incorporators

The names and addresses of the Incorporators of the
Corporation are:

| NAME | ADDRESS |
|------|---------|
| C. W. Conn, Jr. | 256 Pearl Street<br>Beaumont, Texas |
| C. W. Conn, Sr. | 256 Pearl Street<br>Beaumont, Texas |
| George D. Conn | 7th Floor, Tennessee Bldg.<br>Houston, Texas 77002 |

_____
C. W. CONN, JR.

_____
C. W. CONN, SR.

_____
GEORGE D. CONN

-10-

**EXHIBIT "4"**

EXHIBIT "5"



3295 College Street
Beaumont, TX 77701
Phone 800.511.5750
FAX 800.511.5745

**Rey de la Fuente**
President - Credit Division
Conn's, Inc.

3295 College Street
Beaumont, Texas 77701
800-280-1514 Ext. 3235
Fax 409-833-8974
rey.delafuente@conns.com

Since 1890

Appliances • Electronics • Mattresses • Lawn Equipment • Computers

E X H I B I T " 6 "



My Account  Order Status  Wishlist    **Shopping Cart**

GET APPROVED!
Apply Today!      YES
1-866-765-1513

Search By  Enter your search here          GO                                    Store Locator

Home / Investor Relations / **Management Biographies**

## Management Biographies

Click here to view Board Biographies

**Theodore M. Wright**
Chairman and Interim Chief Executive Officer and President
Theodore M. Wright was elected Chairman of our board effective December 7, 2010, and has served as a director since September 2003, when the company became a publicly held entity. Mr. Wright was elected Interim Chief Executive Officer and President by our board effective February 27, 2011. Mr. Wright served as the President of Sonic Automotive, Inc., a New York Stock Exchange listed and Fortune 300 automotive retailer, from October 2002 until his retirement in April 2005. Previously Mr. Wright served as its Chief Financial Officer from April 1997 to April 2003. Mr. Wright also served on Sonic Automotive, Inc. board of directors from 1997 through 2004. From 1995 to 1997, Mr. Wright was a Senior Manager in Deloitte & Touche LLP's Columbia, South Carolina office. From 1994 to 1995, he was a Senior Manager in Deloitte & Touche LLP's National Office of Accounting Research and SEC Services Department. Mr. Wright currently serves on the board of directors of Titan Machinery, Inc., and serves as a member of its audit committee and its compensation committee. Mr. Wright received a B.A. from Davidson College.

**Michael J. Poppe**
Executive Vice President and Chief Financial Officer
Our board of directors appointed Michael J. Poppe as an Executive Vice President effective June 1, 2010, and our Chief Financial Officer effective February 1, 2008. Mr. Poppe served as our Controller and Assistant Chief Financial Officer and Assistant Treasurer since he joined us in September 2004 until February 1, 2008. In the 14 years prior to his joining us, Mr. Poppe served in various accounting and finance management positions in public accounting at Arthur Andersen LLP and in automotive retail companies, most recently as Vice President and Corporate Controller of Group 1 Automotive, Inc. Mr. Poppe spent from January 1997 until May 2004 at Group 1, a New York Stock Exchange listed, Fortune 500 retail company, and was a member of the founding management team. Mr. Poppe is a certified public accountant and obtained his B.B.A in accounting and finance from Texas A&M University.
Holdings: 15,574 shares

**Reymundo de la Fuente, Jr.**
President – Credit Division
Reymundo de la Fuente, Jr. was elected President – Credit Division by our board of directors on June 3, 2008. Mr. de la Fuente has previously served as our Executive Vice President – Credit from June 1, 2007, and as our Senior Vice President – Credit since October 2001. Since joining us in 1998, he has served in positions that involve direct responsibility for credit underwriting, customer service inbound operations, collections, recovery of charge-offs and legal activities. Mr. de la Fuente has worked in the credit receivables industry since 1986 with national credit organizations. His responsibilities included the strategic direction and development of large credit portfolios. Mr. de la Fuente obtained his B.B.A. in finance from The University of Texas at San Antonio and holds an M.B.A. from Our Lady of the Lake in San Antonio.
Holdings: 36,000 shares

**David W. Trahan**
President – Retail Division
David W. Trahan was elected President – Retail Division by our board of directors on June 3, 2008. Mr. Trahan has previously served as our Executive Vice President – Retail from June 1, 2007, as our Senior Vice President – Retail from April 1, 2006 and as our Senior Vice President – Merchandising from October 2001. He has been employed by us since 1998 in various capacities, including sales, store operations and merchandising. He has been directly responsible for our merchandising and product purchasing functions, as well as product display and pricing operations, for the last four years. Mr. Trahan has completed special study programs at Harvard University, Rice University and Lamar University.
Holdings: 121,530 shares

**David R. Atnip**
Senior Vice President and Treasurer
David R. Atnip has served as our Senior Vice President since October 2001 and as our Treasurer since 1997. He joined us in 1992 and served as Chief Financial Officer from 1994 to 1997 and as our Secretary from 1997 to 2005. In 1995, he joined our board of directors and served in that capacity until September 2003. Mr. Atnip holds a B.B.A. in accounting from The University of Texas at Arlington and has over 21 years of financial experience in the savings and loan industry.
Holdings: 133,900 shares

**Walter M. Broussard**
Senior Vice President – Store Operations
Walter M. Broussard was appointed our Senior Vice President – Store Operations effective June 1, 2010, after serving as our Senior Vice President – Recruiting since June 3, 2008, Senior Vice President – Sales since 2005, and as our Senior Vice President – Store Operations from October 2001. Mr. Broussard has served us in numerous retail capacities since 1985, including working on the sales floor as a sales consultant, store manager and district manager. He has over 26 years of retail sales experience. He attended Lamar University and has completed special study programs at Harvard University, Rice University and the University of Notre Dame.
Holdings: 65,000 shares

**EXHIBIT " 7 "**

**Clinton W. Harwood**
Senior Vice President - Information Technology
Clinton W. Harwood has served as our Senior Vice President – Information Technology since being appointed by our board of directors effective June 1, 2007. He previously served as our Vice President – Information Technology since August 2000. Mr. Harwood joined Conn's in April 1994 as Manager of Computer Operations, and has served the company in all aspects of information technology since that time. Prior to joining the company, he served in various information technology positions utility, academic and petrochemical industries. Mr. Harwood holds both Bachelor (1979) and Master (1988) of Science degrees in Computer Science from Lamar University, and completed a special study program at Harvard University.

Holdings: 54,700 shares

**Brian K. Woods**
Senior Vice President - Merchandising
Brian K. Woods joined us in April 2010 and was appointed by our board of directors to Senior Vice President - Merchandising effective June 1, 2010. Mr. Woods has 20 years of retail experience. Prior to joining us, Mr. Woods served as Executive Vice President of Merchandising and Marketing at CSK Auto from June 2007 to July 2008. Mr. Woods served at CompUSA from 1991 to 2006 in various field and corporate positions, including Vice President of Services and Executive Vice President of Merchandising and Marketing. Mr. Woods attended San Diego State University and Long Beach State University, majoring in Computer Science, and is currently completing his Business Management Degree at University of Phoenix.

Stock transaction information provided by EDGAR Online. Conn's Inc. makes no representation or warranty with respect to any of the information contained herein, takes no responsibility for supplementing, updating or correcting any such information and shall have no liability with respect to any such information. This listing does not include derivatives, such as stock option grants or shares purchased through an employee stock purchase plan. For recent transactions, including derivative transactions, see our Section 16 SEC filings page.

**Stock Information**
NASDAQ:CONN Oct 28, 2011
**$8.95** - 0.10 9:55 AM ET

**Company Information**
Conn's on YouTube
Careers
Investor Relations
Company History
Follow Us
**Conn's Stores**
Store Locator
Six Reasons to Shop Conns
Price Guarantee
Check Gift Card Balance
**Product Support**
Product Pickup Policy
Product Rebates
**Help**
Shipping Information
Returns & Exchange
Site Map
Privacy Policy

Copyright ©2008 Conns. All rights reserved.

EXHIBIT "7"